```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

JOSEPH ZIEGLER,

       Plaintiff,

v.                                     Civil Action No. 2:19-cv-00410

CLAY COUNTY SHERIFF et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the objections to the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Omar J. Aboulhosn, filed by the plaintiff, Joseph Ziegler, on December 4, 2019.

### I. Procedural History

The plaintiff, acting _pro se_, initiated this action on April 16, 2019.[1] See Compl., ECF No. 1 ("Compl."). The

---

[1] The plaintiff filed his Complaint and an Application and Supplemental Motion to proceed in forma pauperis in the United States District Court for the Eastern District of Michigan. See ECF Nos. 1, 2, 3. On April 29, 2019, the Michigan court issued a show cause order for why the matter should not be dismissed for improper venue and for lack of personal jurisdiction over the defendants. See ECF No. 7. On May 9, 2019, the plaintiff filed a Motion Demanding Possession of Property and/or Writ of Replevin. See ECF No. 8. On May 28, 2019, the matter was transferred to this court due to improper venue and lack of personal jurisdiction over the defendants. See ECF No. 11.

plaintiff names as defendants Miles Slack, M.P. Morris, Deputy Thomas, C.C. Grose, Jim Samples, Fran King, and the Clay County, West Virginia Sheriff.[2] Id. at 1-2. The plaintiff alleges that the defendants violated and/or conspired with each other to violate the plaintiff's rights under federal law and the United States Constitution. Id. at 1-3. Based on these alleged violations, the plaintiff claims entitlement to relief pursuant to 42 U.S.C. §§ 1983 – 1986 et seq.; the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961 – 1968; the Federal Anti-Kickback Act, 41 U.S.C. § 51 et seq.; "and/or any/all other Federal Statutes on violations of clearly established Federal Civil Rights and Federal Laws as determined by the U.S. Supreme Court under the Federal Doctrine of Laches, and/or Law-of-the-Case Doctrine." See id. at 1.

The plaintiff traveled to Clay County, West Virginia on April 2, 2019, allegedly as a "Freelance Journalist" and a "Federal Informant" regarding an allegedly ongoing federal investigation into corrupt police officers and other public officials in Clay County who were allegedly involved in an unlawful enterprise of methamphetamine, opioid, and heroin

---

[2] The complaint does not list the name of the Clay County, West Virginia Sheriff.

distribution.[3]  See Compl. at 3-4.  The plaintiff asserts two claims for action arising from this trip to Clay County.

First, the plaintiff alleges that the defendants "unlawfully threatened" him on April 3, 2019 for interviewing local residents about the alleged drug enterprise.  Id.  On April 4, 2019, the plaintiff was arrested and charged with five misdemeanor offenses: (1) reckless driving, (2) driving without car insurance, (3) driving an unregistered vehicle, (4) driving without an operator's license, and (5) driving under the influence.[4]  See State of West Virginia et al. v. Ziegler, 2:19-cv-00325, Commitment Order, ECF No. 3-1.  The plaintiff asserts that defendants Miles Slack, M.P. Morris, Deputy Thomas, and C.C. Grose violated his rights by unlawfully

---

[3] It is the belief of the court that the plaintiff traveled from Michigan because he alleges that he resides within the jurisdiction of the United States District Court for the Eastern District of Michigan.  See Compl. at 3.

[4] The state criminal case is number 19-M08M-00187 before the Magistrate Court of Clay County, West Virginia.  The plaintiff filed a notice of removal of that case to this court on April 26, 2019.  See State of West Virginia et al. v. Ziegler, 2:19-cv-00325, Notice of Removal, ECF No. 3.  The removal case was remanded to the Clay County Magistrate Court on September 19, 2019.  See 2:19-cv-00325, Mem. Opinion & Order, ECF No. 7.  The plaintiff's motion for relief from judgment on the remand was denied on January 28, 2020.  See 2:19-cv-00325, Mem. Opinion & Order, ECF No. 12.

charging him.[5]  Compl. at 4.

The plaintiff further asserts that defendant Jim Samples, the prosecuting attorney for Clay County, West Virginia, "unlawfully charged [the plaintiff] . . . while acting under color of law," and that defendant Miles Slack, a former Clay County Sheriff,[6] failed to train adequately "subordinate Co-Defendants concerning the unlawful towing/seizure/forfeiture" of the plaintiff's property, an undriveable motor vehicle.[7]  See id. In a supplemental motion, the plaintiff alleges that defendants M.P. Morris and Deputy Thomas unlawfully dispatched defendant Fran King, the owner of King's Towing, to tow the plaintiff's vehicle from private property without the plaintiff's permission, without the plaintiff "being allowed to make other

---

[5] It is noted that the plaintiff was also charged in this court with two counts of impersonating a federal officer or employee in violation of 18 U.S.C. § 912 on April 4, 2019 and April 8, 2019. United States of America v. Ziegler, 2:19-cr-00148-1, Judgment, ECF No. 115.  A jury found the plaintiff guilty on both charges, and the plaintiff was sentenced to time served. Id.

[6] The court notes that defendant Miles Slack is a former Clay County Sheriff, but the pleadings do not clarify if Slack was an active law enforcement officer at the time of the alleged events.

[7] The plaintiff alleges that he legally inherited his vehicle, a 2018 Ford Escape with Michigan license plates and "full coverage insurance," from the Oakland County Probate Court Judge in Pontiac, Michigan, and that the vehicle was lawfully parked on private property at a friend's residence in Clay, West Virginia. Compl. at 4.

arrangements by Right," and without conducting a required inventory search for personal property within the vehicle as required by law. See Mot. Demand Property, ECF No. 8 ("Mot. Demand Property") at 2-3. The plaintiff specifically argues that the defendants deprived him of his property "in violation of his Federal Equal Protection Right not to be Discriminated against based upon his Race, Disability, National Origin for being engaged in a Federally protected Right/Privilege to Freedom of the Press, Association, and clearly established Right not to be deprived of Property without Due Process of Law." See Compl. at 4.

Second, the plaintiff alleges that he met with defendants Jim Samples, M.P. Morris, and Fran King on April 5, 2019 regarding the "unlawful towing/ seizure" of his vehicle. Id. at 5. In the supplemental motion, the plaintiff claims that he called King's Towing on April 5, 2019 and that defendant Fran King falsely told him that he would need to get a release from the Clay County Sheriff's Department, which resulted in defendant King unnecessarily and unlawfully holding the plaintiff's vehicle over the weekend and charging unreasonable storage fees. See Mot. Demand Property at 3.

The plaintiff also alleges that he went to King's Towing where defendants Jim Samples, M.P. Morris, and Fran King

threatened to arrest and physically assault him, "including the Defendants not sending [the] Plaintiff any letters or notices in the mail of any/all court dates for [the] Plaintiff to appear in court."[8]  See Compl. at 5; Mot. Demand Property at 3.  In the supplemental motion, the plaintiff alleges that he went to King's Towing on April 8, 2019 and that defendant M.P. Morris physically threatened the plaintiff with arrest if he were to talk about the incident or to file anything in federal court.  See Mot. Demand Property at 3.

The plaintiff demands a jury trial and seeks declaratory, injunctive, and writ of replevin relief, as well as one million dollars for "actual, compensatory, treble, and/or punitive damages."[9]  See Compl. at 6-8.  Along with the complaint, the plaintiff also filed an application to proceed without prepaying fees or costs, and a supplemental motion to proceed in forma pauperis.  See App. In Forma Pauperis, ECF No. 2; Supp. Mot. In Forma Pauperis, ECF No. 3.

---

[8] The court understands this allegation to be in reference to the charges in case number 19-M08M-00187 before the Magistrate Court of Clay County, West Virginia.  The plaintiff's complaint does not specify on which date the alleged threat occurred.  See Compl. at 5.

[9] The plaintiff phrases this demand as a third claim for action for "an immediate Order for Preliminary Injunction."  See Compl. at 5-6.

On May 9, 2019, the plaintiff filed a supplemental motion demanding possession of property and/or writ or replevin for the plaintiff's vehicle. See Mot. Demand Property. In this motion, the plaintiff repeats his allegations regarding the unlawful towing of his vehicle. See id. at 2-3. The plaintiff also alleges that he paid to release his vehicle on April 8, 2019 but that defendant Fran King "arbitrarily and capriciously" refused to release the vehicle after paying for the vehicle to be released and towed away by another private towing company.[10] See id. at 3. The plaintiff also alleges that he told defendant Fran King on May 1, 2019 about his right to remove personal property from the vehicle but that defendant King refused to release the personal property. See id. at 3-4. The plaintiff demands a hearing to determine the release of his vehicle without paying "costs/fees for towing/storage charges" from defendant Fran King, or "unlawful kickback" to defendants Miles Slack, M.P. Morris, Deputy Thomas, C.C. Grose, and Jim Samples. See id. at 3.

---

[10] The plaintiff's friend accompanied the plaintiff to King's Towing and paid to release the vehicle; however, it is unclear who paid for the vehicle to be released and towed by the other company. See Mot. Demand Property at 3. The plaintiff later alleges that King's Towing was paid twice: once by the plaintiff's friend and once by Ford Motor Co. Repo. See Objs. at 8.

This action was transferred to this court on May 28, 2019. See Order Transferring Case, ECF No. 11. The action was referred to United States Magistrate Judge Omar J. Aboulhosn for consideration in accordance with 28 U.S.C. § 636(b)(1)(B) and the Standing Order in this district. See Standing Order, ECF No. 13; Clerk's Order, ECF No. 14.

On September 3, 2019, while in custody at South Central Regional Jail following his arrest for the then pending federal criminal charges in criminal action number 2:19-cr-00148, the plaintiff filed a hand-written abeyance demand wherein he recounts the issues he raised in his complaint, and he advises the court that he filed a notice of removal in this court to remove his pending state criminal charges in case number 19-M08M-00187.[11] See Abeyance Demand, ECF No. 15 at 1-3. The plaintiff alleges that he is "being held in custody under totally unconstitutional conditions, with no access to a law library, [to] make copies of pleadings/exhibits, and is unable to send bulk legal mail as a pretrial detainee." Id. at 5. The plaintiff seeks a court order for abeyance of this civil matter until he has access to a law library to make copies, to amend

---

[11] The notice of removal was in the state criminal case that, in this court, became the civil case of State of West Virginia et al. v. Ziegler, 2:19-cv-00325, which has since been remanded.

his complaint, and to be able to send and receive mail "without obstruction."  See id. at 6.

Magistrate Judge Aboulhosn filed a PF&R on September 16, 2019, recommending that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim for which relief can be granted.  See PF&R, ECF No. 16 ("PF&R").  The plaintiff timely filed written objections on December 4, 2019.[12]  See Objs., ECF No. 25 ("Objs.").

## II.  Standard of Review

The court reviews de novo those portions of a magistrate judge's PF&R to which objections are timely filed. 28 U.S.C. § 636(b)(1); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. Analysis

The plaintiff raises two objections to the PF&R: (1) objecting to the role of the Magistrate Judge in this action,

---

[12] The plaintiff filed two motions for enlargement of time to file objections to the PF&R -- on September 30, 2019 and on October 31, 2019.  See First Mot. Enlargement of Time, ECF No. 17; Second Mot. Enlargement of Time, ECF No. 19.  The court granted each motion, with a final deadline set for December 13, 2019.  See Order Granting First Enlargement of Time, ECF No. 18; Order Granting Second Enlargement of Time, ECF No. 21.

and (2) objecting to a potential denial of in forma pauperis status and of being evaluated under 28 U.S.C. § 1915. The plaintiff also repeats the allegations of his complaint and alleges new violations of his rights.

### A. Non-Consent to the Magistrate Judge

The plaintiff first objects to the assignment of this action to the Magistrate Judge because the parties did not consent to a Magistrate Judge presiding over the action. See Objs. at 2-3. The plaintiff argues that Rule 53(a)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(c), and 28 U.S.C. § 455 clearly require that either party must give consent for a Magistrate Judge to preside over a case. See id. at 2. The plaintiff demands that the Magistrate Judge be removed from the proceeding and that the defendants be served. Id. at 3.

The plaintiff seems to cite Rule 53(a)(2) and 28 U.S.C. § 455 for the proposition that consent is required in order for a Magistrate Judge to preside over this action. However, Rule 53(a)(2) governs the disqualification of a master appointed by the court. Similarly, 28 U.S.C. § 455 governs the conditions under which a judge must disqualify himself in a legal proceeding. The plaintiff does not state any reason why the Magistrate Judge should disqualify himself, nor does the

court find such a reason from the facts presented.  The court therefore considers these provisions to be irrelevant for the purpose of evaluating the plaintiff's objections.

The Standing Order in the Southern District of West Virginia regarding the assignment and referral of civil actions to Magistrate Judges refers all civil actions filed on or after January 1, 2016 by persons proceeding pro se to a Magistrate Judge "for total pretrial management and submission of proposed findings of fact and recommendations for disposition."[13] Standing Order, ECF No. 13 at 2.  This action was referred to the Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition.  Clerk's Order, ECF No. 14; see also PF&R at 1 (noting that the action was transferred pursuant to 28 U.S.C. § 636(b)(1)(B)).

A district court may designate a Magistrate Judge to "hear and determine" any pretrial matter pending before the court, except for dispositive motions.  See 28 U.S.C. § 636(b)(1)(A); United States v. Benton, 523 F.3d 424, 430 (4th

---

[13] The United States District Court for the Eastern District of Michigan issued a similar order to refer this action to a Magistrate Judge "for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  Order, ECF No. 5.

Cir. 2008). This means that a Magistrate Judge may make a final ruling on non-dispositive pretrial motions, the resolution of which would not conclude the lawsuit. Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 72 n.7 (4th Cir. 2016). For dispositive pretrial motions, a Magistrate Judge may make findings of fact and submit recommendations on how the court should rule, but "they are powerless to issue a final ruling on such motions." Elgin v. Dep't of Treasury, 567 U.S. 1, 19 (2012) (citing 28 U.S.C. § 636(b)(1)(A)-(B)). The district court issues the final ruling on dispositive motions. See id.

The plaintiff misunderstands the role of consent in 28 U.S.C. § 636(c). This section authorizes a Magistrate Judge to issue a final ruling on a dispositive motion or to preside over a civil trial with the parties' consent. See Kerr, 824 F.3d at 72 n.7; United States v. Benton, 523 F.3d 424, 429-30 (4th Cir. 2008). Consent of the parties is not needed in this action because the Magistrate Judge is not issuing a final ruling; rather, he is submitting proposed findings of fact and recommendations for the court to review in deciding a final ruling.

B. Proceeding *In Forma Pauperis*

The plaintiff next argues that he should be permitted to proceed in forma pauperis due to his indigency, and that any denial to proceed as such would be unconstitutional. Objs. at 3-4 (citing Boddie v. Connecticut, 401 U.S. 371 (1971); Griffin v. Illinois, 351 U.S. 12 (1956)). The plaintiff objects to the use of 28 U.S.C. § 1915 et seq. or of the Prisoner Litigation Reform Act (PLRA) because he alleges that he is a "Free U.S. Citizen." See id. at 2-3.

The court must dismiss an action filed without prepayment of the court's filing fees and costs (i.e., in forma pauperis) if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Chong Su Yi v. Democratic Nat'l Comm., 666 F. App'x 279, 280 (4th Cir. 2016) (per curiam). Section 1915(e)(2) applies to prisoner and non-prisoner complaints filed in forma pauperis. See Chong Su Yi, 666 F. App'x at 280-81 (affirming dismissal of a non-prisoner complaint about voting rights); Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal of a non-prisoner complaint about access to homeless shelters); Michau v. Charleston Cty., S.C., 434 F.3d 725, 728

13

(4th Cir. 2006) (holding that § 1915 applies to the preliminary screening of prisoner and non-prisoner complaints). Dismissals under § 1915(e)(2)(B) should be without prejudice. Chong Su Yi, 666 F. App'x at 280; Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004).

The plaintiff's application to proceed in forma pauperis has not been denied. The Magistrate Judge properly evaluated the sufficiency of the plaintiff's complaint under the legal standard for a pro se plaintiff proceeding in forma pauperis and concluded that the complaint should be dismissed.[14] See 28 U.S.C. § 1915(e)(2)(B).

C. Further Allegations

The plaintiff does not raise any specific objections to the legal reasoning in the PF&R. The plaintiff instead repeats facts about his claims that were already outlined in his earlier filings. See Objs. at 5-6. To the extent any of the facts outlined in the objections differ from the initial complaint (ECF No. 1) or from the supplement to the complaint

---

[14] The plaintiff mentions the PLRA, but that statute is for redress of complaints involving prison conditions or civil rights violations in prisons. See Jones v. Bock, 549 U.S. 199, 202-03 (2007). The plaintiff's complaint does not involve events in prison, so the court does not review this statute further.

(ECF No. 8), the court is guided by the facts as presented in these earlier filings.

The plaintiff raises several new allegations. First, the plaintiff alleges that Magistrate Judge Aboulhosn was "fully aware that the Clay Co [sic] Magistrate Court acted Maliciously and Corruptly without legal Subject Matter Jurisdiction and conspired with the Defendants . . . to RETALIATE against [the] Plaintiff as claimed in [the] Complaint." Id. at 7. Second, the plaintiff alleges that he was unlawfully held without bond in violation of his Eighth Amendment rights under the United States Constitution.[15] Id. at 7. These arguments are entirely unrelated to the claims alleged in the complaint. The court therefore does not consider these allegations at this time.

The court notes that the plaintiff's criminal charges in criminal case number 19-M08M-00187 before the Magistrate Court of Clay County, West Virginia were dismissed with prejudice on January 15, 2020, after the Magistrate Judge issued his PF&R to this court. As there is no longer an ongoing proceeding in state court, the Magistrate Judge's adherence to

---

[15] In his abeyance demand, the plaintiff also alleges "unconstitutional inhumane living conditions" and other violations related to his custody in South Central Regional Jail. See Abeyance Demand, ECF No. 15 at 5-6. None of these allegations relate to the claims alleged in the complaint.

15

the <u>Younger</u> abstention doctrine is no longer applicable. However, the remainder of the Magistrate Judge's thorough analysis stands and supports dismissal of the case. This analysis is unchallenged by the plaintiff in his written objections.

## IV. Conclusion

Accordingly, having received the PF&R and the plaintiff's objections, and having reviewed the record <u>de novo</u>, it is ORDERED that:

1. The plaintiff's objections to the PF&R be, and they hereby are, overruled;

2. The findings and recommendation made in the PF&R be, and they hereby are, adopted by the court and incorporated herein, except as to the <u>Younger</u> issue that is no longer pending;

3. The plaintiff's complaint and supplement to the complaint in the form of a motion demanding possession of property and/or writ of replevin (ECF Nos. 1, 8) be, and they hereby are, dismissed without prejudice;

4. The plaintiff's application to proceed in forma pauperis and the supplemental motion to the same (ECF Nos. 2, 3) be, and they hereby are, denied as moot;

5. The plaintiff's abeyance demand (ECF No. 15) be, and it hereby is, denied as moot; and

6. The plaintiff's action be, and it hereby is, dismissed without prejudice and removed from the docket of the court.

The Clerk is directed to forward copies of this memorandum opinion and order to the plaintiff, all counsel of record, and the United States Magistrate Judge.

ENTER: March 18, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge