```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

JOSEPH ZIEGLER,

      Plaintiff,

v.                                  Civil Action No. 2:19-cv-00410

CLAY COUNTY SHERIFF et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion for relief from judgment, filed on April 9, 2020.

### I. Procedural History

The plaintiff initiated this action pro se on April 16, 2019 in the United States District Court for the Eastern District of Michigan against private defendants and law enforcement officers in Clay County, West Virginia. See Compl., ECF No. 1 ("Compl."). The plaintiff alleges that, between April 3 to 5, 2019, the defendants violated and/or conspired with each other to violate the plaintiff's rights under federal law and the United States Constitution. Id. at 1-5. Based on these alleged violations, the plaintiff seeks relief pursuant to 42 U.S.C. §§ 1983 – 1986 et seq.; the Racketeer Influenced and

Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961 – 1968; the Federal Anti-Kickback Act, 41 U.S.C. § 51 et seq.; "and/or any/all other Federal Statutes on violations of clearly established Federal Civil Rights and Federal Laws as determined by the U.S. Supreme Court under the Federal Doctrine of Laches, and/or Law-of-the-Case Doctrine." See id. at 1. The plaintiff filed with the complaint an application to proceed without prepaying fees or costs, and a supplemental motion to proceed in forma pauperis. See App. In Forma Pauperis, ECF No. 2; Supp. Mot. In Forma Pauperis, ECF No. 3. The plaintiff later filed a supplemental motion demanding possession of property and/or writ or replevin for his allegedly seized vehicle and an abeyance demand. See Mot. Demand Property, ECF No. 8; Abeyance Demand, ECF No. 15.

     The action was transferred to this court on May 28, 2019 due to improper venue and lack of personal jurisdiction over the defendants. See Order Transferring Case, ECF No. 11. The action was referred to United States Magistrate Judge Omar J. Aboulhosn for consideration in accordance with 28 U.S.C. § 636(b)(1)(B) and the Standing Order in this district. See Standing Order, ECF No. 13; Clerk's Order, ECF No. 14.

     Magistrate Judge Aboulhosn filed a PF&R on September 16, 2019, recommending that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim for

which relief can be granted. See PF&R, ECF No. 16 ("PF&R"). The plaintiff timely filed written objections on December 4, 2019.[1] See Objs., ECF No. 25. The court entered a memorandum opinion and order on March 18, 2020, adopting the findings and recommendation in the PF&R, except for the Younger issue related to the state criminal proceeding that was no longer pending. See Mem. Op. & Order, ECF No. 26. The court also entered a final judgment order on March 18, 2020 dismissing the case without prejudice. See J. Order, ECF No. 27.

The plaintiff filed a motion for relief from judgment on April 9, 2020 to seek relief from the March 18, 2020 judgment order pursuant to Rules 11(b) and 60 of the Federal Rules of Civil Procedure.[2] See Mot. Relief, ECF No. 28 ("Mot. Relief"). The plaintiff includes a memorandum of law in support of his motion. See Mem. Mot. Relief, ECF No. 29 ("Mem.").

---

[1] The court granted two motions for enlargement of time to file objections to the PF&R, with a final deadline of December 13, 2019. See Order Granting First Enlargement of Time, ECF No. 18; Order Granting Second Enlargement of Time, ECF No. 21.

[2] Rule 11(b) governs the standards for representations to the court in pleadings. See Fed. R. Civ. P. 11(b). The plaintiff does not allege that the defendants violated this rule; he merely asserts that he is abiding by this rule in presenting the motion for relief from judgment. See Mot. Relief at 3.

## II. Legal Standard

Rule 60 of the Federal Rules of Civil Procedure provides an "exception to finality" that "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269 (2010) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). The court, on motion or sua sponte with or without notice, may correct a "clerical mistake or a mistake arising from oversight or omission" in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). Such a mistake occurs when there is an inconsistency between the text of an order or judgment and the district court's intent in entering the order or judgment, or when there is unintended ambiguity that obfuscates the court's original intent. Sartin v. McNair Law Firm PA, 756 F.3d 259, 265-66 (4th Cir. 2014). Rule 60(a) authorizes a district court to correct such a mistake to conform the text with the court's original intent. Id.

On motion and "just terms," the court may relieve a party from a final judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5)

4

the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." Id. 60(b)(1)-(6); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (explaining that a party moving for relief under Rule 60(b) "must demonstrate at least one of the six grounds for relief listed in Rule 60(b)"). Relief under Rule 60(b)(6) for "any other reason that justifies relief" requires "extraordinary circumstances" when the reason for relief from judgment is not enumerated in Rule 60(b)(1)-(5). Gonzalez, 545 U.S. at 536; Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011). Rule 60(b) does not authorize a motion "merely for reconsideration of a legal issue" or that is "nothing more than a request that the district court change its mind." United States v. Williams, 674 F.2d 310, 312-13 (4th Cir. 1982); see also In re GNC Corp., 789 F.3d 505, 511 (4th Cir. 2015) ("Rule 60 does not authorize motions for correction of a mistake of law").

III. Analysis

The plaintiff files the motion for relief "in order, to obtain relief on the Final Opinion and Order by this Federal Court for imminent Federal Appellate Court Review."[3]  Mot. Relief

---

[3] The plaintiff also "demands" that the Court of Appeals for the Fourth Circuit correct the March 18, 2020 order. See Mot. Relief at 5. The court lacks the power to consider this demand.

at 1.  He asserts that the court is required to "engage in a reasoned assessment of each claim" but that the court failed or refused to do this.  See Mot. Relief at 3.  He also argues that the court's decision in his case was "contrary to, or involved an unreasonable application of clearly established Federal Law" and resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings."  Mot. Relief at 2.  As a consequence, he argues that the court "abused [its] discretion, created manifest injustice, erred, and prejudiced this Plaintiff by issuing a Substantially Erroneous Final Order."  Mem. at 2.

The plaintiff argues that the court's decision constitutes a "mistake, inadvertence, or excusable neglect" under Rule 60.  See Mot. Relief at 4.  He further asserts that "extraordinary circumstances" exist for the court to correct the "numerous clerical mistakes, judicial mistakes, and substantial legal errors arising from oversight or omission" in the March 18, 2020 judgment order.  Mot. Relief at 3, 6.

A motion filed pro se must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012).  The plaintiff's motion fails to allege a viable claim for relief even under this liberal standard.  The plaintiff's arguments are entirely

conclusory. He alleges, inter alia, that the court failed or refused to engage in a reasoned assessment of his claims, that the court order was based on a contrary and unreasonable application of law, and that the court order was based on an unreasonable application of evidence. However, the plaintiff does not provide specific examples to support any of his claims. The plaintiff also fails to engage with any of the arguments addressed in the memorandum opinion and order or final judgment from which he seeks relief. The plaintiff's request for relief is actually a request for the court to "change its mind" and reconsider the legal issues already addressed by the court. Such a request is not authorized under Rule 60(b). See Williams, 674 F.2d at 312-13.

In addition, the plaintiff's reliance on the "extraordinary circumstances" standard is erroneous. The plaintiff alleges that relief is warranted for "mistake, inadvertence, or excusable neglect" because he has shown that "extraordinary circumstances" exist. Again, the plaintiff does not provide any support for his conclusory allegation. The extraordinary circumstances standard only applies to Rule 60(b)(6) for "any other reason that justifies relief" when the reason for relief from judgment is not enumerated in Rule 60(b)(1)-(5). See Aikens, 652 F.3d at 500. The plaintiff

explicitly alleges "mistake, inadvertence, or excusable neglect" under Rule 60(b)(1), which renders the extraordinary circumstances standard inapposite.

IV. Conclusion

For the foregoing reasons, it is ORDERED that the plaintiff's motion for relief from judgment be, and it hereby is, denied.  Accordingly, the court's judgment order of March 18, 2020 remains in full force and effect.

The Clerk is directed to forward copies of this memorandum opinion and order to the plaintiff and all counsel of record.

ENTER: April 20, 2020

John T. Copenhaver, Jr.
Senior United States District Judge